**E-FILED**
Thursday, 31 March, 2005 10:22:32 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

**FILED**

MAR 3 1 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 04-CR-30058 |
| | ) | |
| TIMOTHY M. BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Assistant United States Attorney David E. Risley, and the defendant, Timothy M. Baker, personally and by his attorney, Scott A. Sabin, hereby enter into this plea agreement.

1.     This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

2.      This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3.      This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A)and (B), and therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty.

### CHARGES, ELEMENTS, AND PENALTIES

4.      The defendant will plead guilty to counts 1 and 5 of the indictment, in which he is charged with illegal manufacture of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); and with carrying and brandishing a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

5.      The defendant has read the charges to which he is pleading guilty, and the charges have been explained to him by his attorney. Furthermore, the

- 2 -

defendant fully understands the nature and elements of the crimes to which he is pleading guilty.

6.    To sustain the charge of manufacture of methamphetamine as charged in count 1, and for the defendant to be subject to the penalties described below, the United States must prove the following propositions beyond a reasonable doubt:

- First, the defendant manufactured methamphetamine;
- Second, the defendant did so knowingly or intentionally;
- Third, the defendant knew the substance he manufactured was a controlled substance; and
- Fourth, the amount of mixture or substance containing methamphetamine involved in the offense was 50 or more grams.

7.    To sustain the charge of carrying and brandishing a firearm during and in relation to a drug trafficking crime as charged in count 5, the United States must prove the following propositions beyond a reasonable doubt:

- First, the defendant committed a felony drug offense, such as that charged in count 1, described above;

- 3 -

- Second, the defendant knowingly carried a firearm during and relation to that offense; and

- Third, that the defendant knowingly brandished the firearm that he carried during and in relation to that offense.

(Note: Because "brandishing" a firearm increases only the mandatory minimum penalty, and not the maximum possible penalty, the United States does not regard it as an element of the offense that must be proven beyond a reasonable doubt. However, it is treated as such for purposes of this agreement out of an abundance of caution in case the currently prevailing law later changes.)

8. Because the defendant had a prior felony drug conviction at the time of the offense (namely, a conviction for possession of a controlled substance, entered on May 9, 2003, in Adams County, Illinois case number 03-CF-29), upon which the defendant understands the government will rely at sentencing, the potential penalties for the offense of manufacturing methamphetamine charged in count 1 are:

- a mandatory minimum sentence of 10 years and up to life in prison,

- up to a four million dollar fine,

- a mandatory period of supervised release of at least five years and up to life, and

- a $100 mandatory special assessment.

- 4 -

9.    The defendant understands and agrees that the charge of carrying and brandishing a firearm during and in relation to a drug trafficking crime as charged in count 5 carries the following potential penalties:

- a mandatory minimum sentence of seven years and up to life imprisonment, which must be served consecutively (in addition) to any other criminal sentence;

- a fine of up to $250,000;

- up to five years of supervised release; and

- a $100 mandatory special assessment.

10.    The defendant further understands that upon violation of any of the terms of his supervised release, the supervised release may be revoked and he may be imprisoned for all or part of the supervised release period without credit for time previously served.

11.    The defendant understands and agrees that the Court may be required to order him to pay restitution. The parties to this agreement have not reached a determination on the issue of restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## WAIVERS

### Notice of Prior Drug Conviction

12.     The defendant expressly waives (gives up) any right he has pursuant to Title 21, United States Code, Section 851 to require the United States Attorney's Office to file and serve an information stating in writing any prior felony drug convictions that support any enhanced sentence.

### Waiver of Right of Appeal from Conviction and Sentence

13.     The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed.  Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, except as otherwise stated in this paragraph.  As the only exception to this

- 6 -

waiver, the defendant reserves the right to appeal from any sentence greater than 17 years of imprisonment.

### Waiver of Right to Collateral Attack

14.    The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of his counsel was made by the defendant alone notwithstanding any advice the defendant may or

- 7 -

may not have received from his attorney regarding this right. Regardless of any advice the defendant's attorney may have given him, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

## SENTENCING GUIDELINES

15.   The defendant understands that the United States Sentencing Guidelines are advisory and not binding on the Court at sentencing, but that the Court is required to calculate and consider the defendant's sentencing guideline range in imposing sentence.

16.   The defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if, for example, he qualifies as a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income. Since the defendant's criminal history cannot be determined prior to the completion of the presentence investigation, the

- 8 -

United States and the defendant reserve the right to argue at sentencing for, or oppose, an upward or downward departure for over-representation or under-representation of criminal history pursuant to United States Sentencing Guideline Section 4A1.3.

17.    The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the possible application of United States Sentencing Guidelines Section 5H.1 through Section 5H1.12, Section 5K.2.0 through Section 5K2.21, and other grounds for downward departure from the applicable sentencing guideline range. The defendant acknowledges that he has fully discussed any potential basis for any such downward departure or other reduction in sentence with his attorney. The defendant agrees that, even though the Sentencing Guidelines are not binding on the Court, neither the defendant or his attorney will argue at sentencing for a sentence below the applicable sentencing guideline range on any ground other than the specific departure grounds described in this agreement, except that the defendant may raise any argument for departure or reduced sentence based upon facts that occur after the date the plea agreement is signed by the defendant.

## DEFENDANT'S OBLIGATIONS

18. As a condition of this entire plea agreement, the defendant will cooperate fully with law enforcement officials, as agreed in the letter dated October 28, 2004, which is attached and made a part of this agreement.

19. The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the policies and possible application of United States Sentencing Guidelines Section 5K1.1. The parties agree that, because the Sentencing Guidelines are not binding on the Court, no motion by the United States pursuant to Section 5K1.1 is required before the defendant may argue for and the Court may grant a reduction in sentence within the statutory sentencing range to reward the defendant's substantial assistance in the investigation or prosecution of criminal activity by others. (The defendant and his attorney acknowledge that a motion by the United States is required pursuant to Title 18, United States Code, Section 3553(e) before the Court may depart below any applicable mandatory minimum sentence.) Nevertheless, the defendant and his attorney acknowledge, consistent with Application Note 3 to Section 5K1.1, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for

- 10 -

the opportunity to be considered by the government for a recommendation for a reduced sentence pursuant to Section 5K1.1, the defendant and his attorney agree to limit any argument regarding the extent of any such reduction in sentence to only those grounds specifically set forth in Section 5K1.1.

20. The defendant further understands and agrees to pay the mandatory $100 special assessment for each count of the indictment to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

21. The government agrees that at the time of sentencing it will move to dismiss counts 2 through 4 and count 6 of the indictment. The defendant acknowledges that the counts the United States agrees to dismiss were brought in good faith and not for any vexatious or frivolous reason on the part of the United States.

- 11 -

22.     The government agrees that it will recommend a sentence of
imprisonment no greater than the low end of the applicable sentencing guideline
range.

## Defendant's Assistance to Law Enforcement

23.     The United States agrees that at the time of sentencing it will fully
inform the Court of the nature, extent, and value of any cooperation rendered by
the defendant.

24.     The United States reserves the right, in its sole discretion, to make a
recommendation for a reduction in sentence within the statutory sentencing
range or a motion at the time of sentencing for a downward departure from any
otherwise applicable mandatory minimum sentence pursuant to Title 18, United
States Code, Section 3553(e) if the defendant provides substantial assistance in
the investigation or prosecution of other criminal offenses.  The extent of any
such recommended reduction in sentence or departure will depend solely upon
the United States' evaluation of the nature, extent, and value of the defendant's
assistance, including his truthfulness.

- 12 -

## AGREEMENTS AS TO SENTENCING GUIDELINES

25.     The defendant agrees and understands that the Court is required to consider any applicable provisions of the United States Sentencing Guidelines in determining his sentence.

26.     Based on the information currently available, the defendant and the United States agree on the following points regarding the application of the Sentencing Guidelines to the offense to which the defendant is pleading guilty:

   a.     The base offense level for the drug offense charged in count 1 should be 32 pursuant to § 2D1.1(c)(4) of the Sentencing Guidelines. That level is appropriate because the defendant's relevant conduct involved more than 500 grams but less than 1.5 kilograms of a mixture or substance containing methamphetamine.

   b.     That offense level should be increased by 3 levels pursuant to § 2D1.1(b)(6)(B) of the Sentencing Guidelines because the offense charged in count 1 involved the manufacture of methamphetamine and created a substantial risk of harm to human life and the environment.

   c.     There are no applicable firearm, victim-related, role-in-offense, or obstruction adjustments.

   d.     The combined adjusted offense level, therefore, should be 35.

- 13 -

e.     The parties agree, based upon facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses.  This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct, such as by frivolously contesting his relevant conduct or related sentencing enhancements.

f.     The parties also agree that the defendant qualifies, and the government agrees to move, for an additional one-point reduction in his offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because he timely notified the United States Attorney's Office of his intention to enter a plea of guilty, thereby permitting the United States

- 14 -

to avoid trial preparation and permitting the Court to allocate its resources efficiently.

    g.    The resulting offense level total should be 32.

    h.    The defendant's criminal history category is tentatively predicted to be III. However, the parties are not sufficiently certain they have all of the information about the defendant's criminal history to come to a definitive agreement on that point, and the defendant understands his criminal history category could end up being higher.

    i.    The resulting sentencing guideline range for the drug offense charged in count 1 should be 151 to 188 months of imprisonment.

    j.    The defendant agrees that, pursuant to § 2K2.4(b) of the Sentencing Guidelines and 18 U.S.C. § 924(c)(1)(A)(ii), the sentence for the firearms offense charged in count 5 will be seven years (84 months), which must be served consecutively (in addition to) the sentence imposed on count 1.

27.    The above agreement regarding the advisory sentencing guideline range does not take into account any possible reduction in sentence due to the defendant's cooperation with the government.

- 15 -

28.     The defendant and the United States agree that the above statements regarding the Sentencing Guidelines are not binding on the Court, and relate only to the positions the parties take regarding the applicable sentencing guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable sentencing guideline range and to impose whatever sentence it deems appropriate.

29.     The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum. The defendant agrees and understands that he will not be allowed to withdraw his guilty plea because of an objection to the calculation of the Sentencing Guidelines or to the Court's sentencing findings or rulings, or because he receives a sentence higher than that recommended under this plea agreement or by the parties.

## FACTUAL BASIS

30.     The defendant will plead guilty because he is in fact guilty.  In pleading guilty, the defendant stipulates to and admits the following facts: From about June 2004, or before, and continuing until about September 8, 2004, in the

Adams County, Illinois area and elsewhere, the defendant knowingly and intentionally manufactured methamphetamine in an ongoing series of "cooks". As part of that ongoing manufacturing process, on August 29, 2004, the defendant stole two or more gallons of anhydrous ammonia from a tank at the Bunte Fertilizer Plant in Payson, Illinois. As the defendant and an accomplice were leaving that area, they were observed by Robert G. Perry, Fallcreek Township Road Commissioner. When the defendant saw Mr. Perry watching them, he pulled out a Ruger, Model P95DC, 9 mm. pistol bearing serial number 31469015, which the defendant was carrying, and pointed that pistol at Mr. Perry for the purpose of deterring Mr. Perry from following them.

## EFFECT OF VIOLATION OF AGREEMENT

31.     The defendant further agrees that if he violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/or sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to

- 17 -

declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against him or seek to have him resentenced.

32.     Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

33.     The defendant understands that by pleading guilty he surrenders the following rights, among others:

a.     The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b.     The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the

- 18 -

defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

c.    The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

d.    The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and  the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

e.    The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the

defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

34.    The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

## AGREED:

### Defendant's Attorney:

35.    I have discussed this plea agreement fully with my client, and I am satisfied that he fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: _March 31, 2005_          s/Scott A. Sabin
                                Scott A. Sabin
                                Attorney for Timothy M. Baker

### Defendant:

36.    I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this agreement, and I agree to it

- 20 -

voluntarily and of my own free will. I am pleading guilty because I am in fact

guilty, and I agree that the facts stated in this agreement about my criminal

conduct are true. No threats, promises, or commitments have been made to me

or to anyone else, and no agreements have been reached, expressed or implied, to

influence me to plead guilty other than those stated in this written Plea

Agreement. I am satisfied with the legal services provided by my attorney. I

understand that by signing below I am stating I agree with everything stated in

this paragraph, and I am accepting and entering into this Plea Agreement.

Date: 3-31-05

s/Timothy M. Baker

Timothy M. Baker
Defendant

**United States:**

37.    On behalf of the United States of America, I accept and agree to this

Plea Agreement.

JAN PAUL MILLER
UNITED STATES ATTORNEY

Date: 3/31/05

s/David E. Risley

David E. Risley
Assistant United States Attorney

- 21 -

**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*
*Headquarters Office*

---

*Jan Paul Miller*
*United States Attorney*

*318 South 6th Street*
*Springfield, IL 62701-1806*

*TEL: (217) 492-4450*
*FAX: (217) 492-4512*

October 28, 2004

Scott Sabin
Attorney at Law
P.O. Box 12140
Springfield, IL 62791

Re: Cooperation and testimony by Timothy Baker

Dear Mr. Sabin:

It is my understanding that your client, Timothy Baker, desires to cooperate with the government in its efforts to enforce federal law on the condition that his statements are protected by a grant of use immunity, in order to prevent him from facing any greater criminal liability as a result of cooperating. This letter is intended as a grant of conditional direct use immunity, plus indirect use immunity as to the issue of drug amounts for sentencing purposes.

To avoid any misunderstanding, the specific terms of this grant of use immunity are:

1.     The government agrees that no statement made or information provided pursuant to this agreement may be directly introduced as evidence against your client in any criminal case, including sentencing, excepting: (1) a prosecution for making a false statement or perjury, and (2) use as impeachment or rebuttal evidence should your client subsequently testify or take a factual position contrary to the information he provides. The government will be free to make indirect, or derivative, use of his statements. This agreement means only that the fact your client made certain incriminating statements pursuant to this agreement may not itself be introduced as evidence against him. The government will also remain free to discharge its duty to the court by informing the court of any information your client provides. The court will be notified that such information was obtained pursuant to this grant of use immunity.

2.  In addition, the government agrees that no statement made or information provided pursuant to this agreement may be used indirectly as material evidence on the issue of drug amounts in sentencing your client, subject to the same exceptions of (1) a prosecution for making a false statement or perjury, and (2) use as impeachment or rebuttal evidence should your client subsequently testify or take a factual position contrary to the information he provides. The government will remain free to use drug amount evidence obtained independently of your client's cooperation, and evidence already obtained before this agreement is signed, including, but not limited to, reports of previous witness interviews and the complete supporting testimony of those witnesses, without limitation. But, for example, if your client provides new information that leads to the discovery of additional witnesses, no information from those new witnesses will be admissible against your client on the issue of drug amounts. And, if information from your client reveals that a witness previously interviewed by the government has deliberately understated drug amounts, no subsequent information or testimony from that witness regarding higher amounts will be admissible against your client.

3.  In return, your client agrees that he will provide complete and truthful information to law enforcement officials regarding his criminal conduct and everything he knows or has reason to believe about the criminal conduct of others. Your client also agrees to produce any and all documents and physical evidence of any kind in his possession or under his control which relate to the information he provides.

4.  Your client agrees to provide complete and truthful testimony to any grand jury, trial jury, or judge in any proceeding in which he may be called to testify by the government.

5.  You and your client further acknowledge and understand that the government's grant of use immunity herein is conditioned, in part, upon your client's complete compliance with paragraphs 3 and 4. Should your client knowingly make any materially false statement or omission in providing information or testimony under this agreement, the government will be entitled to use his statements and evidence he provides, directly and indirectly, to institute and support a criminal prosecution for any offense as well as a prosecution for giving false statements and perjury.

6. For instance, your client must neither conceal or minimize his own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. He must be completely truthful about the facts whatever those may be.

7. The offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

8. The government agrees that it will fully inform the court in any sentencing hearing of the nature, extent, and value of your client's cooperation. At this time the government is not making and has not made any promise or commitment of any kind to your client regarding the prosecution of any offense or the sentence in any case.

9. The government reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) if your client provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the government's evaluation of the nature, extent, and value of your client's assistance, including his truthfulness.

10. *Any breach of any provision of this agreement by your client will void this agreement in its entirety and will release the government from any obligation under this agreement.*

This letter embodies the entirety of the government's use immunity agreement with your client. No other promise or agreement exists between your client and the government regarding immunity.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/David E. Risley
David E. Risley
Assistant United States Attorney

## **AGREED:**

We have read this letter entirely, and we understand and completely agree to the above terms. No promises have been made other than those stated in this letter regarding cooperation or immunity.

s/Timothy M. Baker                        Date: $11-5-04$
Timothy Baker

s/Scott A. Sabin                          Date: $11-5-04$
Scott Sabin
Attorney for Timothy Baker